Call the last case of the day Call the last case of the day 2470 63 United States versus Saki Said all right Thank you. May it please the court Stuart Sutherland for the Federal Public Defender's Office representing. Mr. Saki in this case Your honors the district court correctly found that there was sufficient evidence in this case for the jury to find. Mr Saki guilty of the lesser included offense of voluntary manslaughter Based upon evidence of bullying that occurred over years that culminated in the verbal attack that took place on September 8th 2023 This case involved the killing of a man who was for better or worse in the position of a father figure to mr Saki who bullied mr. Saki for years telling him that he wasn't good enough. They didn't belong and he was worthless However Over defense counsel's objection the district court erroneously added an Instruction a second non-pattern instruction that told the jury that mr Saki could not be convicted of voluntary manslaughter based upon mere words And the statute doesn't really give us any indication that there should be such a limitation there In fact, the statutes really not not a particularly wordy statute 18 USC 11 12 a states only the voluntary manslaughter is the unlawful killing of a human being without malice and upon sudden quarrel or heat of passion However, the pattern instruction does define in great detail exactly what that means. It defines heat of passion as passion Fear or rage in which the defendant loses his normal self-control and that's the key as As a result of circumstances that provoke such a passion in an ordinary person But which do not justify the use of deadly force. Do you agree that the instruction that the district court? Ultimately gave the words alone instruction is consistent with what the Supreme Court said in Allen The Words are in Allen. The words are definitely in the Allen decision. Allen was not really a words alone case though I mean Allen, I mean Allen Confused me frankly from time to time going through three different decisions describing the facts of the case But essentially it seemed to be a self-defense case There was a little bit of evidence that maybe a few days before the altercation there might have been some words exchanged I don't you know, there's just not enough facts in there the way the case is written to see whether or not That's really the gravamen of the case. Certainly. That was part of the instruction that it gave. Well, you didn't proffer any any Instructions at all. Well, I don't know that that's true. The problem is the problem. You know, it is true. You did not offer instructions of Your own. Oh, that's nothing written. That's correct. Now. There was an off-the-record Discussion of the instructions the record doesn't count but the instruction was made You know, the instruction was given so we didn't request the instruction because the instruction was given but that's true We did not submit any instructions in writing if that's true and your argument seems to be that that the words alone Are sufficient. Is that correct? Well, I don't think that there's really that much dispute that words alone can be sufficient Well, it's words alone Coupled with something else Your wife is an adulteress Those words, those are not really words alone There's other information. It's that's Put forth and that wasn't done here. No exactly. I mean, you know, we've certainly come up with you know a number of sort of End-runs around the fact that words can be enough but not alone. The Supreme Court said they can't be alone because we're talking about Informational words versus non-informational words. They called him chicken legs, right? Correct, and he got really mad at that. He did. Yeah, and and If that is the only thing that was in an issue As to why he stabbed this guy 20 times Because he was called chicken legs That doesn't really seem like any additional information That would ameliorate what he did Well, I don't know that there are Supreme Court decisions that make that kind of distinction between additional information non-additional information I think that the jury instruction. I do honestly I do think that the words alone instruction does Contravent the Instruction that was given which states that the jury was to consider all facts and circumstances preceding Surrounding and following the killing which tend to shed light upon the condition of the defendants mind before and at the time of the killing And you got the voluntary manslaughter instruction and we did and the judge definitely made the decision and that was argued I assumed to the jury correct. Yeah, I mean that was that was the defense in this case That was absolutely the defense in this case. There was no defense that it didn't happen There was no defense that it was self-defense. There was no defense that the That the stabbing was justified. I mean it was a voluntary manslaughter. It was a crime It was a crime carrying 15 years in prison unlike the characterization I think the characterization sometimes in arguments in this case that somehow just calling a person's a name That that's that's not an excuse to kill them. Well, no, of course, it's not an excuse to kill him It's not a defense to killing someone. Is it is it possible to interpret the Allen case if it applies? Post statute To be saying words in alone in a single instance essentially For instance in this case had we only had a single reference to chicken legs and that's that's that's what caused him to The evidence was that's what caused him to to react but in fact, we have evidence here of Much more than that in the sense that it had been a long-term Bullying harassing Humiliating type situation and I don't know if I'm understanding your argument correctly But are you arguing that we have in a sense? More than words alone as that term might have been being discussed by the Supreme Court And they and I said they really didn't discuss that I don't think in Allen I don't think it was really the gravamen of the race But that does seem to be how the government is interpreting it the words alone anytime. Anyhow except in some rare circumstances involving men whose wives have been unfaithful are not enough And it's interesting and I'm so I'm just wondering if there's if that I I didn't couldn't quite see if that was your argument or if you're you know Taking issue with how they read Allen, I guess. Yeah, and I apologize for not being clear of course fundamentally Allen didn't address the statute that We're dealing with right here because the statute hadn't been enacted yet So we didn't we didn't have any of that In fact, I think Allen actually stands for the thing I didn't realize this until after I'd read the case a couple of times the Allen instruction, you know That that's honestly the the legal doctrine that has survived the decades. I think since Allen it doesn't And then the meaning of the the words alone portion is somewhat questionable I do think I do think that for example There were others I think that were calling Him names this evening Aaron Aaron Boland. I think was another person there who was using the word chicken legs Asked the decedent, you know, how do you say that in Choctaw? There was some you know, well, this wasn't the only person that was calling him that name But Aaron Boland it was the only time apparently that he called him that name. In fact, he had just moved into the house There was no history I mean, I guess I'm a little confused because it seems to me your best argument is the one that the evidence showed which is this was long-term bullying and harassment and he just He he was done with it as he said to the victims and that's the point that I'm making I think that if he had killed Aaron Boland that evening we would have a different case. I think that If we were on appeal saying for example that the judge should have instructed on voluntary manslaughter and did not instruct on involuntary manslaughter voluntary manslaughter Say if Aaron Boland had been the victim we wouldn't have had any of this other background on which to base so just to follow up on that if The the air here is subject to harmlessness review, right you would agree. Yes. Okay, so it if we were to Conclude that the mere the words alone instruction Is erroneous in the sense that it doesn't account for those sort of informational words as Judge Kelly was describing And we were to conclude that even though it's consistent with Alan. It doesn't fully capture the state of the law. It's too too narrow Under That understanding Why would you Why should we conclude the error isn't harmless? So in other words, you would need to show and I think this was your colloquy with Judge Moritz You would need to show that there were facts that Supported that you with the law correctly understood Have the facts to support that understanding of the law in your case and and here it would require something beyond name-calling and demeaning Statements, right? Well, so even if the law is understood to be too narrow words alone needs to be broader has to account for informational words Do you in this record? Have anything that would surmount harmless error review here Well, I think that the instruction was so broad and so precise and since we had no evidence of prior assaultive combative physical Conduct all we had were words words alone over a very very long period of time over a year's period of time that we had in this case, which Would in fact have supported a jury finding I mean we can look at cases, I mean there are cases You know Because the words alone instruction isn't in the pattern instructions. We have cases, you know, such as Sarawak I thought was a was an excellent example where in fact, I think the government conceded that the evidence of voluntary manslaughter was Overwhelming and this was a case involving if you recall a crying baby a baby who was sick a baby who had been crying for a couple of days and a baby who suffered extreme traumatic injuries from being beaten and The defense in that case actually was that it was an accident I think he was looking for probably involuntary manslaughter at a maximum But the jury convicted him of voluntary manslaughter because under the facts of that case It was reasonable for the jury to conclude that this person could be acting under and once again, I quote from the instructions You know the fact that He lost his normal self-control as a result of circumstances that provoke in such a passion and an ordinary person now An ordinary person who just called chicken legs one time Concede that that would not be that kind of an ordinary person standard But we have to take it in light of the person who is actually on trial There are other cases involving say you had to take it because you didn't know if one of your own I'm sorry that I say you had to take it because you had not requested an instruction of your own Modeled after Sarawak for example, no, no, we simply stuck with the pattern instruction. That's what the judge gave That's what we were happy with our objection And we did object of course to the to the words alone instruction because we felt like it it Essentially undermined the instruction that required the jury to consider everything all the facts and circumstances. For example, that's just it did not Negate the other instructions that were given that they consider all the facts But they were instructed that words alone are Not sufficient and that's true But that's a fact that they weren't allowed to consider The fact that this had been going on for years that this was bullying This was more than just and for that matter words that he used afterwards You know when he called 9-1-1 and he complained to the 9-1-1 person this person needed help I didn't mean to do it come help this person which also went to I think his state of mind and would go to negate Malice, but once again, those were just words So the jury was instructed that none of that none of that was going to be relevant and could be used There are other cases involving police officers in fact several of the cases Cited by the government involved police officers where for some reason they seem to use the words alone restriction only in those cases You know kind of what I've always called kind of a thick-skinned doctrine that you can't call a police officer a name You can't call him a pig you can't use worse language than that and then the police officer can get angry and kill you So there are cases involving prison guards Cobb, Velazquez, Slager cited on page 18 of the government's brief that all You know seem to limit that words alone instruction to police officers Counsel let me make sure I understand your answer to my question Okay If we agree with you that there was error in how the district court Ultimately instructed the jury because the mere words or the words alone instruction is too narrow in that it doesn't capture informational words that could be sufficient provocation What is the evidence in your case that would? Satisfy the law as properly instructed if we're going to use this informational Restriction which I don't think is 10th Circuit case Well, I don't even know if it's a Supreme Court case law, but it's something that cases have used I will concede that these were not informational words Okay Also judge I'd like you to look at the See I'm using up all my time if I can reserve what little I have left. Thank you I Proceed May please the court. My name is Benjamin Traster and I represent the United States the words alone instruction that the district court gave At the conclusion of the evidence in this case was an accurate rendering of the law with respect to words alone The court followed case law We have a statute and the statute doesn't contain that language. So how do you get there? How do you get to the case law? Well, I mean the statute is essentially and there's there are other cases I think the Morris case that talks essentially about the fact that you don't jettison The common law when it comes to terms of art and I think it's clear that he doesn't definition although I mean You your brief talks about this as though this was just inserting essentially a common law definition, but it's not a definition at all It's telling the jury. Oh, by the way, here's some things you can't here's here's evidence. You can't consider I think that's correct. And that's not that's not definitional. That is perfect. That is limiting the jury Jury, here's this evidence and it's given the voluntary man struck slaughter instruction And they hear this evidence and then they're told oh, but by the way, you can't consider this evidence. That's not a definition that is that's a something entirely different and what case law can you provide to where we have have Ever suggested that somehow this limitation on evidence Considering evidence Still Still somehow is is relevant to this statute. I think that there's this is this is maybe a longer answer, but I think that there's There's a couple reasons why such an instruction in this case was appropriate I think the court's right that this is a definitional instruction It's it's essentially delimiting what the jury can decide when it comes to the fact that you have a defendant Do you point to a case where we've ever? Accepted at common law a delimitation of what the jury can consider as a definitional instruction I didn't see any in the cases that you cited offhand No But what I would what I would argue to the court is that Look with respect to this question about mere words and how it operates with respect to voluntary manslaughter and and second-degree murder counsel cited cases that the government cited in its brief Slager Velazquez and the reason why those cases are so important is because in those cases the district court was deciding a Sentencing issue, but those just because it was a a deprivation of civil rights under the color of law There would had to be a cross-reference to what exactly the police officers did in those cases in both of those cases the district court had to go and decide whether or not it was it was meeting the definition of second-degree murder or voluntary manslaughter on appeal the Fourth Circuit and the Second Circuit both said You have to stick within the boundaries of whether or not mere words are a sufficient provocation Even district courts who know the law who can read Allen who can go on to West law and do the research have to be Narrowed and cabined in by the by the appellate courts. What is there any 10th Circuit case law cabining? this Statute in that way. I mean, I think there's a single case where we've said Allen survives and Essentially, we're gonna read it into the statute. I do think that the Stills v. Dorsey case It's a habeas petition from New Mexico, but this court does talk about That language that mere words are not alone as a reading of not in this setting not in this setting whether you're actually going to give an Instruction on the one hand telling the jury to consider voluntary manslaughter and on the other hand telling him never mind Because the evidence here is only words alone and that and the prosecutor emphasized that in closing argument. Oh, by the way You can't find voluntary manslaughter because we only have words alone here. I think that's true being instructed that way I think that's true But I but I would also submit to the court that the defense attorney during his closing argument essentially emphasized that words alone Were sufficient and I think counsel here even overstates what the record says It's it's got to be this bullying over a long period of time But again that overstates the record if you look at the record the only witness that really talks about Bullying over time is Renita Tubby who says it didn't happen many times She specifically says it didn't happen many times. They all engaged in trash-talking And so the other point I wanted to make an in response to your honors question about this Definition is the fact that you had a unique kind of defendant here where this definition had to essentially instruct the jury Because of the uniqueness of this defendant You can't just go with words alone and the uniqueness of this defendant was that he was intoxicated The other witnesses there saw he was slurring his speech Knocking over chess pieces and he was angry Renita Tubby said when she purchased the knife that he used to kill Thurtis Tubby You don't need you don't need that if you're going to be angry this is an individual even You're making a factual argument and the the district court decided to give the voluntary manslaughter instruction over your strong objection That's right. And so these are factual issues. The jury was entitled to consider all of that his drunkenness the the past History that Renita testified to the jury was entitled to consider all that but then it was told never mind You can't consider this the adequacy of the provocation is an objective test According to the jury instruction or not according to the jury instruction, but but according to case law It's that the circumstances have to be such that it that the response that's provoked the passion That's provoked is the passion of an ordinary person and the Jack case out of the time You're arguing the sufficiency of the evidence and that's not the issue before us I'm arguing that on an objective test such as this or an objective Standards such as this that the district court was within its rights to essentially put boundaries around instruction and then take it away That no, I don't think that's what how did the district court not take it away with this instruction when everyone apparently agreed? It was words alone here But and the district court said all right I'm gonna give this instruction that you asked for after the voluntary manslaughter instruction was given over your objection and then Sorry, I think you're probably all getting it to Emergency alert in Denver. I didn't do it Sorry give you a little extra time for that. I can't remember where I was. Sorry. I Guess my point is it seemed to me that throughout your brief you were really Struggling and you did actually argue this this should never have been submitted to the jury on the voluntary manslaughter instruction should not have been given and That may be true, but that's not our issue. Well, the subjective element was not removed from the jury's consideration No, and I guess judge Moritz to to respond and I'm sorry just Kelly I'm not ignoring your question if the subjective element wasn't removed the voluntary instruction Should never have been given and and I can't stand right here. I can't stand here and exactly say Why exactly the district court decided to give that he there's no record of why that instruction was given we objected to it But the point is is that I think what the to try to explain perhaps what the district court was thinking and I think that This may be appropriate is that the theory of defense was that this was voluntary manslaughter? The jury instructions are decided before closing and I think the district court was simply giving the defense an opportunity to make an argument Outside of what this is objectively unreasonable say go into closing arguments and argue that this was mutual combat if you want Maybe there's some scintilla of evidence about mutual combat There was no discussion whatsoever about why they were going to give why the court wanted to give voluntary manslaughter instruction But it did so it was just given the court sui sponte proposed it We objected and the court said overruled done So so what we didn't have an opportunity to do was say there was no scintilla of evidence But I think the district could have been saying go ahead and argue it try to make that argument But what you can't do is argue What is out of bounds if it's out of bounds for district courts on these sentencing issues? It has to be out of bounds for a jury when clearly the defense is going to stand in closing arguments and say Words alone bullying over a long period of time chicken legs and crybaby are enough But the defense conceded that the defendant in this case is different. He said look at his mugshot He said he's he's literally in closing arguments. He said look at his mugshot. He's different. He's in a feminine ballerina pose He was particularly susceptible to being teased that is not sufficient To that is not a sufficient under an or for an ordinary person Susceptible to being teased makes it makes it okay, huh? It doesn't make it okay for him to respond in the way that he do well Is it any different than a battered wife syndrome type case? I think it's I think it's very different I mean again, this isn't this isn't what counsel has argued that this is three years worth of every single day You have the only testimony you really have is that first of all the trash-talking Which is what it was called was was mutual and back-and-forth and that it didn't happen many times They happen periodically and I'm not I don't want to stand up here and minimize. I don't condone Bullying and I don't condone this sort of behavior, but at the same time on the record in front of us Whether this is coming from Alan and informing Over time what constitutes an adequate provocation what constitutes an adequate provocation is based on an objective test It's based on how an ordinary person who is not intoxicated who is not susceptible to anger who is not different Whatever that means how an ordinary person would respond and an ordinary person When being teased and called chicken legs and crybaby would not go into the room Get a knife Wait two minutes five minutes ten minutes Come on out and make a beeline for one person's throat Why couldn't the jury and and perhaps they did why couldn't the jury make that determination on their own based on the instruction? That was given well I will submit to the court that I want to if what you're saying and I think it is is the evidence simply wasn't Sufficient for the voluntary manslaughter instruction and whether we agree or disagree doesn't really matter The jury could have figured that out on their own and I think they did and I think the best explanation for that is the fact that the jury convicted him of first-degree murder and I would submit to the court that the fact that The jury had to find beyond a reasonable doubt that the defendant was convicted. I'm sorry that the defendant premeditated the murder is Wholly irreconcilable with the notion of as defendant as counsel concedes Sudden provocation it can't be provocation over three years there has to be a trigger and it has to be sudden and you do you agree that the instruction on its face is does not correctly state the law doesn't account for informational words, which You know Jack is unpublished, but it seems to accurately describe the State of the law. I think that's correct. I I don't know if that's a concession as much as that simply You know We are sort of talking semantics as to whether or not informational words What what how capacious the word words is? But I but I sure I mean in this case as I proposed in in the brief that there be maybe there be no Problem, maybe there be no error if what it said is name-calling and insults Do not qualify as an adequate provocation and if that's the case then for this particular defendant The words alone instruction is both not error and it's and it's harmless because for this defendant Name-calling and insults is all that he had there is no evidence in the record at all that there was any sort of provocation physical provocation Informational provocation at all ever it's all about crybaby and chicken legs The Jack case it's unpublished in this far as I could see it doesn't even it doesn't address this issue It has a stray comment in it, but there's nothing about Jack that addressed this issue or made some clear finding that Especially that this would need to be an instruction So there's just nothing in Jack to that effect. And so we really don't have any Tenth Circuit case law on this whole Informational aspect of it. I think that the better case to look at and of course I I think this will may not be sufficient for for your honor But I think the best case to look at is is the scaife case I think in a microcosm obviously there are some differences in scaife But but the fact is actually in the scaife case There's a threat to the defendants life in that case, which doesn't exist in this case in in the scaife case These are prisoners and one is threatening the other And he sure the premeditation We don't have the instruction in the scaife case. I mean, that's my point. We have never talked about whether This 1896 case is still valid with respect to this statute whether instruction is Needed whether you know, the jury should be told words alone or not enough or whether they can figure that on their their own We don't have anything Are you aware of any other circuits? Sorry? Yeah Yeah, I think the Fourth Circuit in the Second Circuit in in in the sentencing content My colleague here, but my question was whether you're aware of any other jury instructions from other circuits that use Allen For words alone are not sufficient Not that I'm aware of but again, we're talking about I Mean, first of all, I think I would suggest that I would at least hope that that the circumstances And I think this shows what an outlier in terms of provocation. This is I would hope that there aren't an excess of murders or an excess of People dying because they're being called names. I mean and there's really as a policy matter I would I would suggest that there's there's a there's a difficult limiting principle here Which is how far away do you need to be to get upset by? Somebody who's bullying you and calling you names if I'm down the street and somebody's calling me a name that I don't like Does that entitle and does it over time? Does that entitle me to go? That's not our circumstance here. And that's not we're not talking about sufficiency of the evidence, unfortunately But again, I don't we're talking about a jury instruction that Affirmatively told the jury what it couldn't consider and I don't think that's a question of sufficiency the evidence I think that's a question of the district court defining the objective circumstances and I see I'm basically out of time We would ask the court to affirm the conviction. Thank you Had a little bit of time Okay in 11 seconds I would just ask this court please to read the Lofton decision at 7 7 6 f 2nd 9 18 It is a words alone case and I know that there were some sexual matters involved at the time of the shooting It was words alone And that's my time thank you, thank you, thank you both thank you both very much for your very helpful arguments We appreciate it The case will be submitted and counsel are excused and the court will be in recess until tomorrow morning at 830